United States District Court
Northern District of California

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

ISAIAH MCGARY,

   Defendant.

Case No.: CR 09-0958-SBA-1 (KAW)
CR 14-00013 CW (KAW)

ORDER OF DETENTION

## I. BACKGROUND

On November 16, 2010, Isaiah McGary was sentenced to 37 months in custody and 36 months of supervised release for possession being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1), a Class C felony. Defendant has been on supervised release since August 2, 2013. On January 10, 2014, Defendant's probation officer filed a petition alleging that Defendant had violated a condition of his supervised release, namely, the condition that Defendant shall not commit another federal, state or local crime. The probation officer also alleged that Defendant violated the condition that he not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

In the petition, the probation officer specifically alleged that on January 4, 2014, Defendant was arrested in San Leandro, California for being a felon in possession of a firearm, being a felon carrying a concealed firearm, and for resisting arrest in violation of California Penal Code § 29800(a)(1), a felony; California Penal Code §25400(c)(1), a felony; and California Penal Code § 69, a misdemeanor, respectively. On January 9, 2014, the Grand Jury returned an indictment against Defendant based on the January 4, 2014 arrest, charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1).

DETENTION ORDER
CR 09-0958-SBA-1 (KAW)
CR 14-00013 CW (KAW)

1

According to the allegations in the Form 12, on January 4, 2014, at about 1:35 a.m., officers were on patrol when they noticed a vehicle and conducted a traffic stop. An officer made contact with the passenger of the vehicle who identified himself as Sean Johnson, later determined to be Defendant, Isaiah McGary. The car was being driven by Clyde Jamerson, an individual, who, in 2005, had been convicted of bank robbery in violation of 18 U.S.C. § 2113(a), a felony. No information could be found under the name Sean Johnson, and Defendant was asked to exit the vehicle. Upon exiting the vehicle, Defendant knocked the officer out of his way with his shoulder and fled on foot. The officer pursued Defendant on foot and witnessed Defendant pull a firearm from his waistline area and toss it to the ground.

The pursuit continued, and the officer was able to grab ahold of Defendant where a physical struggle ensued. Defendant was able to strike the officer with his elbow to the right temple area. The officer was then able to take Defendant to the ground where the struggle continued. The officer gave numerous commands to the Defendant to stop resisting; however, the offender continued to attempt to get to his feet and struggle with the officer. A police K-9 came on the scene, and the officer let go of Defendant who then got off the ground and began to run before being taken down by the K-9. Another struggle took place with the Defendant striking the K-9 multiple times before he was eventually subdued and taken into custody.

During the search of Defendant's person, the officer found a magazine loaded with 12 rounds of .45 caliber ammunition. Additionally, the firearm seen thrown by Defendant was loaded with a twelve round magazine with a round in the chamber of the firearm.

On February 5, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing and pending trial in the indicted case. Defendant was present, in custody, and represented by Assistant Federal Public Defender John Paul Reichmuth. Assistant United States Attorney Garth Hire appeared on behalf of the Government. Probation Officer Richard Brown was also present. For the reasons stated below, the court orders that Defendant be detained.

DETENTION ORDER
CR 09-0958-SBA-1 (KAW)
CR 14-00013 CW (KAW)

## II.  LEGAL ANALYSIS

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143. If there is probable cause to believe the defendant committed another state, federal or local crime while on supervised release, there is a presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. *See* 18 U.S.C. § 3148.

Defendant argued that he should be released with more stringent conditions to mitigate the risk of flight and danger to the community. He further argued that he previously complied with conditions of his pretrial release in the underlying case and suggested that his prior behavior is evidence of how well he can do if he is released pending trial this time.

The Government persuasively argued that detention is appropriate in this case. Defendant was on supervised release after being convicted of being a felon in possession of a firearm, and now he has been indicted for committing the same offense while on supervised release. Based on the evidence described above, there is probable cause to believe that Defendant committed another crime while on supervised release, and it is presumed that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. Defendant failed to offer any basis to rebut the presumption at the hearing.

Not only is there evidence that Defendant committed another crime while on supervised release, there is also evidence that he gave a false name to police officers, fled repeatedly from officers, physically assaulted an officer and a K-9 in his attempt to flee, and pulled a loaded firearm out of his waistband and tossed it to the ground. In addition, Defendant was found to be associating with someone who had been convicted of bank robbery, a felony. This evidence shows that Defendant is a flight risk and a danger to the community, and that he is not amendable to supervision.

In addition, Defendant has three felony convictions related to firearms, drugs and robbery. He also has had four probation revocations. It should also be noted that he was on probation in

DETENTION ORDER
CR 09-0958-SBA-1 (KAW)
CR 14-00013 CW (KAW)

Alameda County at the time of the instant offense. And given the manner in which he violently fought with police officers and resisted arrest, the court does not believe that living with his mother, as Defendant proposes, is sufficient to mitigate the risk of flight or danger to the community.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Defendant has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 21, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 09-0958-SBA-1 (KAW)
CR 14-00013 CW (KAW)

4